**LITTLER MENDELSON, P.C.**
Jonathan M. Carrillo (032272012)
jcarrillo@littler.com
Jessica Faustin (211822017)
jfaustin@littler.com
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendants*
*Montauk Transit Service Limited Liability Company*
*and Montauk Transit, LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMIKA HOWARD,<br><br>                    Plaintiff,<br><br>vs.<br><br>MONTAUK TRANSIT SERVICE LIMITED LIABILITY COMPANY; MONTAUK TRANSIT, LLC; and JOHN DOES 1-5 AND 6-10<br><br>                    Defendants. | Civil Action No.   3:24-cv-8044<br><br>**NOTICE OF REMOVAL**<br><br>**<u>Electronically Filed</u>** |

**TO:    THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendants Montauk Transit Service Limited Liability Company and Montauk Transit, LLC ("Defendants"), hereby file this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Somerset County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

1.      Plaintiff, Samika Howard ("Plaintiff"), purporting a residency in New Jersey, commenced this action against Defendants on June 12, 2024 by filing a Complaint in the Superior

Court of New Jersey, Law Division, Somerset County, captioned "*Samika Howard vs. Montauk Transit Service Limited Liability Company; Montauk Transit, LLC, et al.*" and bearing Docket No. SOM-L-000770-24 ("the State Court Action"). The State Court Action is now pending in that court.

2.      Defendants were served with the Summons and Complaint on June 28, 2024. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.      Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders served upon Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4.      The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5.      Specifically, Plaintiff is an individual and resident, and a citizen of New Jersey, as she states she resides in New Jersey. (*See* Ex. A, Complaint, ¶1). *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citizenship is determined by domicile); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile.").

6.      A limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Defendants Montauk Transit Service Limited Liability Company and Montauk Transit, LLC are both limited liability companies formed under the laws of the State of New York.

7.      Defendant Montauk Transit Service Limited Liability Company's sole member is John Mensch, who resides in the State of New York and is a citizen of New York. Therefore, Defendant Montauk Transit Service Limited Liability Company is a citizen of New York. *Id.; Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

8. Defendant Montauk Transit, LLC's sole member is Jennifer Thomas, who resides in the State of New York and is a citizen of New York. Therefore, Defendant Montauk Transit, LLC is a citizen of New York. *Id.; Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

9. Accordingly, complete diversity is established between Plaintiff and Defendants because Plaintiff and Defendants are citizens of different states.

10. The matter in controversy in the State Court Action exceeds the sum or value of $75,000, exclusive of interest and costs, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a) In the Complaint, Plaintiff alleges claims for racial discrimination, hostile work environment harassment, and retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD"), along with a violation of the New Jersey Equal Pay Act. (*See* Ex. A, Complaint, ¶¶ 43-51). Plaintiff seeks compensatory damages, non-economic compensatory damages, emotional distress damages, punitive damages, attorneys' fees, and other equitable relief. (*See* Ex. A, Complaint, Wherefore Paragraphs and ¶¶ 52-60).

(b) Plaintiff's Complaint does not specify the amount she seeks to recover from Defendants. According to a reasonable reading of the Complaint and a preponderance of the evidence, Plaintiff's demand, and the amount in controversy, is in excess of $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

(c) Plaintiff's Complaint alleges she was terminated on December 19, 2023. (Exhibit A, Complaint, ¶29). At the time of her termination, Plaintiff earned $27.30 per hour, equating to $1,092 per week or $56,784 annually for a work week averaging 40 hours per week.

Therefore, just from the date of termination to the date of this filing, Plaintiff's purported gross lost wages are approximately $33,852.

(d)    Further, to the extent Plaintiff has not obtained employment and seeks front pay or future lost earnings, such amounts must be added to the amount in controversy. *Curro v. Hd Supply*, Civ. No. 19-19198, 2020 U.S. Dist. LEXIS 114142, at *8 (D.N.J. June 29, 2020); *see Andujar v. Gen. Nutrition Corp.*, Civ. No. 14-7696, 2018 WL 1087494, at *10 (D.N.J. Feb. 28, 2018), aff'd, 767 Fed. App'x 238 (3d Cir. 2019) (court upheld jury award of $60,000 in front pay for plaintiff earning $15 per hour or $31,000 annually, representing approximately two years of front pay).

(e)    Plaintiff also alleges emotional distress damages.  Damages for alleged emotional harm are recoverable under the NJLAD and are considered for the amount in controversy.  *Angus*, 989 F.2d at 146 (recognizing that claims for damages for emotional distress should be included in determining whether the jurisdictional amount is met).  Courts have upheld "garden variety" awards for emotional distress damages in excess of $75,000. *See, e.g., Klawitter v. City of Trenton*, 395 N.J. Super. 302 (App. Div. 2007) (in race discrimination case, court upheld a "garden variety" damages award of $79,000).

(f)    In addition to the above alleged damages, Plaintiff also seeks punitive damages, which further satisfy the amount in controversy. "The Court must consider the plaintiff's demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009) (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages)).

(g)    Finally, the NJLAD provides for the recovery of attorneys' fees to the prevailing party, N.J.S.A.§ 10:5-27.1, and thus, such fees should be calculated as part of the amount in controversy requirement. Attorneys' fees are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *See Goralski,* at \*16-17 (citation omitted).

(h)    Accordingly, the amount in controversy exceeds the jurisdictional minimum of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11.    The Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

12.    Upon filing of the Notice of Removal, Defendants gave written notice thereof to Carly D. May, Esq., Costello, Mains & Silverman, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, NJ 08054, attorneys for Plaintiff, and filed copies of the Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Somerset County, pursuant to 28 U.S.C. §1446(d).

13.    By filing the Notice of Removal, Defendants do not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity, or otherwise.

WHEREFORE, Defendants respectfully request that this action proceed in this Court as an action properly removed to it.

Dated: July 25, 2024

LITTLER MENDELSON, P.C.
*Attorneys for Defendants*
*Montauk Transit Service Limited Liability Company and Montauk Transit, LLC*

By:  */s/ Jonathan M. Carrillo*
        Jonathan M. Carrillo
        Jessica Faustin

# EXHIBIT A

**COSTELLO, MAINS & SILVERMAN, LLC**
By: Carly D. May
Attorney I.D. No. 378502021
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
cmay@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| SAMIKA HOWARD, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | SOMERSET COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| MONTAUK TRANSIT SERVICE | : | DOCKET NO: |
| LIMITED LIABILITY COMPANY; | : | |
| MONTAUK TRANSIT, LLC; and JOHN | : | |
| DOES 1-5 AND 6-10, | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff, Samika Howard, residing in the State of New Jersey, by way of Complaint against the Defendants, says:

## Preliminary Statement

Plaintiff herein alleged racial discrimination and retaliation in violation of the New Jersey Law Against Discrimination ("LAD"), as well as violation of the Diane B. Allen Equal Pay Act, in so much as Plaintiff is being underpaid in comparison to employees of other races for doing substantially similar work.

## Identification of Parties

1.    Plaintiff Samika Howard, is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendants within the meaning of the LAD.

2.    Defendant Montauk Transit Service Limited Liability Company is alleged to:

    a.   Be a corporate resident of the State of New Jersey;

    b.   Do business in New Jersey at 945 Somerset Street, Somerset, New Jersey 08873;

    c.   Be the employer of all individuals referenced herein;

    d.   Be the employer, singly or jointly, of the Plaintiff;

    e.   Be engaged in a joint enterprise; and/or

    f.   Be the corporate alter ego of other corporate Defendants in this matter.

3.    Defendant Montauk Transit, LLC is alleged to:

    a.   Be a corporate resident of the State of New Jersey;

    b.   Do business in New Jersey at 945 Somerset Street, Somerset, New Jersey 08873;

    c.   Be the employer of all individuals referenced herein;

    d.   Be the employer, singly or jointly, of the Plaintiff;

    e.   Be engaged in a joint enterprise; and/or

    f.   Be the corporate alter ego of other corporate Defendants in this matter.

4.    The Corporate Defendants are alleged to be corporate alter egos of one another, as there is substantial ambiguity involving the separate nature of the corporate entities with respect to the conduct in this case and with respect to the relationship of the parties and the witnesses in this matter.

5.      Hereinafter, the corporate Defendants are collectively referred to as "Defendants."

6.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

7.      Plaintiff began working for Defendants on or about September 5, 2023.

8.      Plaintiff was employed as a bus driver.

9.      At all relevant times herein, Plaintiff performed up to and beyond the reasonable expectations of her employer.

10.     Upon hiring, Plaintiff earned $26.50 per hour.

11.     Plaintiff is African-American.

12.     Plaintiff's co-worker, Aiesha DeJesus is another bus driver for Defendants and is also African-American.

13.     Shamika is another bus driver employed by Defendants and is also African-American.

14.     Beginning at or around the time of Plaintiff's employment, Plaintiff has been subject to race discrimination in the terms and conditions of her employment as well as disparate treatment in comparison to non-African American bus drivers.

15.     Specifically, Defendants held a meeting with the employees but excluded Plaintiff, Aiesha and Shamika.

16.     Additionally, even if Plaintiff previously checked in to work via text message, Defendants called Plaintiff for attendance over the radio.

17.     Shamika and Aiesha were also called for attendance over the radio.

18.     However, non-African American bus drivers were not similarly called for attendance over the radio.

19.     Further, Manager, Angel Cordona, stared at and watched Plaintiff, Aiesha,, and Shamika in the lot when prepping their buses.

20.     Angel did not engage in similar conduct towards non-African-American bus drivers.

21.     Angel is Hispanic.

22.     Angel is a member of upper management within the meaning of the LAD.

23.     In or about September 2023, Defendants' employee, Liz, told Plaintiff she'd received a phone call and that the person on the line "sounded like he was a Black guy."

24.     Liz is Hispanic.

25.     Plaintiff complained to HR employee Estephany regarding Defendants' racially discriminatory treatment of Plaintiff.

26.     Estephany is Hispanic.

27.     In making such complaints, Plaintiff engaged in activity that is protected under the LAD.

28.     Despite making such complaints, Defendants' discrimination and harassment continued.

29.     Thereafter, on or about December 19, 2023, Defendants terminated Plaintiff.

30.     Plaintiff was thereby unlawfully terminated in retaliation for her engagement in conduct protected under the LAD.

31.     All harassment herein was because of Plaintiff's race.

32.     The harassment was severe and/or pervasive.

33.     The harassment was such that a reasonable person in the same or similar circumstances would have found the work environment to have become hostile and/or intimidating and/or abusive.

34.     The work environment did so alter for Plaintiff.

35.     Defendants are liable for the harassment because they failed to reasonably promulgate a policy reasonably meant to deter and prevent such harassment and discrimination.

36.     Defendants are further liable for the harassment set forth herein because it was undertaken by a supervisor and/or member of upper management.

37.     Defendants are further liable for the harassment set forth herein because they were made aware of such harassment and failed to take reasonable and effective measures to prevent further harassment and discrimination.

38.     Additionally, upon information and belief, Defendants paid Plaintiff a lower hourly rate than non-African American bus drivers performing the same or substantially similar work.

39.     The discrimination in the terms and conditions of Plaintiff's employment, including her hourly wage, was because of her race.

40.     Because the discrimination and retaliation set forth above were especially egregious and intentional, and further because such conduct was participated in and or was willfully ignored by one or more members of Defendants' upper management, punitive damages are warranted.

41.     In addition, and notwithstanding the above, Plaintiff's inferior pay is also a direct violation of the Diane B. Allen Equal Pay Act amendments of the LAD, warranting the imposition of treble damages.

42.     Plaintiff has suffered both economic and emotional harm resulting from Defendants' unlawful conduct.

## COUNT I

### Race Harassment under the LAD

43.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 42, as though fully set forth herein.

44.     For the reasons set forth above, Defendants are liable for race harassment in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Retaliation under the LAD

45.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 44, as though fully set forth herein.

46.     Plaintiff engaged in protected activity under the LAD in that she complained about the discrimination and harassment discussed herein.

47.     As a result of these complaints, Plaintiff was subject to retaliatory adverse employment actions including her termination.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Racial Discrimination in Pay under the LAD

48.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 47, as though fully set forth herein.

49.     For the reasons set forth above, Defendants are liable for race discrimination in Plaintiff's pay in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages for pain and suffering, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### Diane B. Allen Equal Pay Act Violation

50.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 49, as though fully set forth herein.

51.     Separately and distinctly, Plaintiff claims that the conduct set forth above violated the Diane B. Allen Pay Act.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, treble damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

52.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 51, as though fully set forth herein.

53.     Plaintiff requests the following equitable remedies and relief in this matter.

54.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

55.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

56.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

57.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

58.    Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

59.    Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

60.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.


**COSTELLO, MAINS & SILVERMAN, LLC**


**By:** *__Carly D. May__*

Dated: June 12, 2024                                    **Carly D. May**

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause  of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO, MAINS & SILVERMAN, LLC**

By:   ___*Carly D. May*___
          **Carly D. May**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO, MAINS & SILVERMAN, LLC**

By:   ___*Carly D. May*___
          **Carly D. May**

## RULE 4:5-1 CERTIFICATION

1.     I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.     I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO, MAINS & SILVERMAN, LLC**

**By:** ___***Carly D. May***___
      **Carly D. May**

## DESIGNATION OF TRIAL COUNSEL

Carly D. May Esquire, of the law firm of Costello, Mains & Silverman, LLC, is hereby-designated trial counsel.

**COSTELLO, MAINS & SILVERMAN, LLC**

**By:** ___***Carly D. May***___
      **Carly D. May**

# Civil Case Information Statement

**Case Details: SOMERSET | Civil Part Docket# L-000770-24**

**Case Caption:** HOWARD SAMIKA  VS MONTAUK TRANSIT SERV ICE

**Case Initiation Date:** 06/12/2024

**Attorney Name:** CARLY D MAY

**Firm Name:** COSTELLO MAINS & SILVERMAN, LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : HOWARD, SAMIKA

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: SAMIKA HOWARD? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/12/2024

Dated

/s/ CARLY D MAY

Signed

```
SOMERSET COUNTY SUPERIOR COURT
40 NORTH BRIDGE STREET
1ST FLR PO BOX 3000
SOMERVILLE       NJ 08876-1262
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (908) 332-7700
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   JUNE 12, 2024
                          RE:     HOWARD SAMIKA  VS MONTAUK TRANSIT SERV ICE
                          DOCKET: SOM L -000770 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOHN E. BRUDER

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (908) 332-7700 EXT 13467.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                          ATT: CARLY D. MAY
                          COSTELLO MAINS & SILVERMAN, LL
                          18000 HORIZON WAY
                          STE 800
                          MT LAUREL       NJ 08054-4319

ECOURTS
```

SAMIKA HOWARD            Plaintiff

          vs.

MONTAUK TRANSIT SERVICE    Defendant
LIMITED LIABILITY COMPANY, ET AL

**Person to be served** (Name & Address):
MONTAUK TRANSIT, LLC
945 SOMERSET STREET (NJ ROUTE 27)
SOMERSET, NJ 08873

**Attorney:**
Carly May, Esq.

Superior Court of New Jersey
Law Division
Somerset County
Docket Number: SOM-L-000770-24

# AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2024038130

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Definitions, Instructions, Certification, Plaintiff's Request For Production of Documents, Certification, CIS, Track Assignment Notice and Lawyers Referral List

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 6/28/2024 _____   Time: 1:57 pm ____   Attempts:_____

_____  Delivered a copy to him / her personally

_____  Left a copy with a competent household member over 14 years of age residing therein

___X____  Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_Stephanie Ortiz_____

_Authorized Agent/Human Resources_____

**Description of Person Accepting Service:**

Sex: _F___   Age: _30__   Height: _5'5"_   Weight: _160__   Skin Color: _Tan_____   Hair Color: _Black_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
___July 1,_ 2024 by the affiant who is personally known to me.

*Casey Nicholls*
NOTARY PUBLIC

CASEY NICHOLLS
Commission # 50102330
Notary Public, State of New Jersey
My Commission Expires
April 02, 2029

HelloSign Approved E-Signature

I, Diego D. Sanchez Gavilanes, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct. 7/1/2024

_____
Signature of Process Server        Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2024038130
Ref: N/A

SAMIKA HOWARD         Plaintiff

vs.

MONTAUK TRANSIT SERVICE     Defendant
LIMITED LIABILITY COMPANY, ET AL

**Person to be served** (Name & Address):
MONTAUK TRANSIT SERVICE LIMITED LIABILITY
COMPANY
945 SOMERSET STREET (NJ ROUTE 27)
SOMERSET, NJ 08873

**Attorney:**
Carly May, Esq.

Superior Court of New Jersey
Law Division
Somerset County
Docket Number: SOM-L-000770-24

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2024038131

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Definitions, Instructions, Certification, Plaintiff's Request For Production of Documents, Certification, CIS, Track Assignment Notice and Lawyers Referral List

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 6/28/2024_____   Time: 1:57 pm_____   Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___X___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Stephanie Ortiz

Authorized Agent/Human Resources

**Description of Person Accepting Service:**

Sex: F____   Age: 30___   Height: 5'5"___   Weight: 160___   Skin Color: Tan_____   Hair Color: Black_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
__July 1,__ 2024 by the affiant who is personally known to me.

*Casey Nicholls*
NOTARY PUBLIC

> CASEY NICHOLLS
> Commission # 50102330
> Notary Public, State of New Jersey
> My Commission Expires
> April 02, 2029

HelloSign Approved E-Signature

I, Diego D. Sanchez Gavilanes, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   7/1/2024
Signature of Process Server         Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2024038131
Ref: N/A